UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-11844-RWZ


PACIFIC INDEMNITY COMPAN
as subrogee of David Jankilevitch
and
AFFILIATED FM INSURANCE COMPANY
as subrogee of Millennium Place Primary Condominium Association

v.

NEDI CONSTRUCTION LLC
and
UNITED RENTALS (NORTH AMERICA), INC.

v.

ANTHONY RICH, SPOT COOLERS, INC.
and
SCHAEFER VENTILATION EQUIPMENT, LLC


MEMORANDUM OF DECISION

February 7, 2014

ZOBEL, D.J.

This case arises out of a fire allegedly caused by an evaporative cooler. The manufacturer of the cooler, defendant/third-party defendant Schaefer Ventilation Equipment, LLC ("Schaefer")[1], moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction. Upon consideration of the parties' written and oral arguments and evidentiary submissions, the motion (Docket # 52) is ALLOWED.

---

[1] Schaefer is misnamed "Schaefer Ventilation Equipment, Inc." in the caption.

**I. Background**

    **A. The Fire and the Cooler**

David Jankilevitch ("Jankilevitch") owns a unit in a condominium building owned and operated by Millennium Place Primary Condominium Association ("Millennium Place"). In 2011, Jankilevitch hired NEDI Construction LLC ("NEDI") to perform remodeling work in his unit. On or about March 18, 2011, NEDI allegedly left an evaporative cooler running unattended in the condo unit, resulting in a fire that caused damage to the property.

The evaporative cooler in question was manufactured by Schaefer in Minnesota. Schaefer sold the cooler to Carrier Rentals, Inc. d/b/a Spot Coolers, Inc. ("Spot Coolers"),[2] and shipped it to Spot Coolers' Chicago, Illinois, location. Spot Coolers subsequently sold and shipped the cooler to United Rentals (North America), Inc. ("United Rentals"), in Shrewsbury, Massachusetts. NEDI thereafter rented the cooler from United Rentals for use on the condo project.

    **B. Schaefer**

Schaefer is a limited liability company incorporated in Minnesota with a principal place of business in Sauk Rapids, Minnesota. According to an affidavit from its president, Schaefer has never had employees working in Massachusetts; has never owned real property in Massachusetts, has never maintained an office, facility, mailing address or telephone number in Massachusetts; has never had bank accounts in Massachusetts; has never advertised in Massachusetts or directly to Massachusetts

---

[2] Spot Coolers is misnamed "Spot Coolers, Inc." in the caption.

residents; and has never registered to transact business in Massachusetts.  Docket # 54, Ex. 1.

Schaefer does, however, sell products in Minnesota that are shipped to independent non-exclusive dealers located in Massachusetts for presumptive resale to Massachusetts residents.  During the years prior to and immediately following the March 2011 fire, sales to independent non-exclusive Massachusetts dealers accounted for 0.83% of Schaefer's nationwide annual sales in 2007; 1.63% in 2008; 1.72% in 2009; 1.08% in 2010; 0.35% in 2011; and 0.47% in 2012, totaling for all these years approximately $640,000.  Docket # 54, Ex. 4.

Schaefer operates a website that provides information about its various products and indicates that the company "sells through a national and international network of dealers and distributors."  Docket # 58, Ex. 1.  The website, which is accessible by Massachusetts residents, invites visitors to contact a local dealer for product selection assistance or, alternatively, to contact Schaefer directly via email, telephone, fax, or an online request form for more information.  Docket # 63, Exs. 1-2.

**C. Procedural History**

Pacific Indemnity Company ("Pacific") as subrogee of Jankilevitch brought this suit against NEDI and United Rentals alleging negligence and breach of implied warranty.  United Rentals cross-claimed against NEDI for indemnity and filed a third-party complaint against Anthony Rich, an employee of NEDI, for contribution and indemnity and against Spot Coolers and Schaefer for contribution and breach of warranty.  After being permitted to intervene in the action, Affiliated FM Insurance

Company ("Affiliated FM") as subrogee of Millennium Place filed, inter alia, claims against Schaefer for negligence, breach of implied warranties of merchantability and of fitness for a particular purpose, and unfair and deceptive acts and practices in violation of Mass. Gen. Laws ch. 93A.[3]

Schaefer now seeks dismissal of all claims against it for want of personal jurisdiction. United Rentals and Affiliated FM oppose Schaefer's motion.

## II. Legal Standard

Plaintiffs bear the burden of demonstrating that the court has personal jurisdiction over a defendant. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). While there are several methods for determining whether a plaintiff has met that burden, the "most conventional" is the "prima facie" standard, id., under which the court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction," Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992). The plaintiff's facts are taken "as true (whether or not disputed) and construe[d] . . . in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). The court then "add[s] to the mix facts put forward by the defendant[], to the extent they are uncontradicted."

---

[3]Additional claims, cross-claims, and counterclaims among the parties abound: NEDI and Rich, represented by same counsel, both cross-claimed against United Rentals for contribution and indemnity (Docket # 29). Affiliated FM brought claims against United Rentals and Spot Coolers for negligence, breach of implied warranties of merchantability and of fitness for a particular purpose, and violation of Mass. Gen. Laws ch. 93A, as well as a negligence claim against NEDI (Docket # 46). Spot Coolers filed a counterclaim for contribution against United Rentals and cross-claims for contribution against NEDI, United Rentals, Rich, and Schaefer (Docket ## 32 and 61).

Id. Since the jurisdictional dispute here does not involve conflicting or contradictory evidence, I will apply the prima facie standard. See Boit, 967 F.2d at 675-78 (discussing use of prima facie, preponderance-of-the-evidence, and likelihood standards); Fiske v. Sandvik Mining, 540 F. Supp. 2d 250, 254 (D. Mass. 2008) ("The prima facie method is appropriate here because the jurisdictional inquiry does not involve materially conflicting versions of the relevant facts.").

Personal jurisdiction must be authorized by state statute and must comply with the Due Process Clause of the federal Constitution. Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011). The Massachusetts Supreme Judicial Court has interpreted the state's long-arm statute, Mass. Gen. Laws ch. 223A, § 3, to grant personal jurisdiction to the full extent permitted by the Due Process Clause. Therefore, I need only consider whether personal jurisdiction here satisfies due process. Id. at 80–81; Daynard, 290 F.3d at 52.

Personal jurisdiction over an out-of-state defendant can be either specific or general. For specific jurisdiction, the defendant must have sufficient "minimum contacts" with the forum state, and a plaintiff's claim must be related to those contacts. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). For general jurisdiction, the defendant must have "continuous and systematic contacts" with the forum state, though the cause of action need not be related to those contacts. Id. For either type of jurisdiction, the defendant's contacts must represent a purposeful availment of the privilege of conducting activity in the forum state, and the exercise of jurisdiction must be reasonable under the circumstances. Id.

**III. Discussion**

United Rentals and Affiliated FM do not specify whether they are advocating for the exercise of specific or general personal jurisdiction over Schaefer and make arguments that are conceivably relevant to both. Their efforts fail under both analyses.

**A.  Specific Jurisdiction**

It is clear that Schaefer has had *some* contacts with Massachusetts through the sale and shipping of products to independent non-exclusive dealers in the state.[4] United Rentals and Affiliated FM also assert that Schaefer's website creates minimum contacts with Massachusetts by inviting contact by state residents and businesses. However, United Rentals and Affiliated FM have not shown that their claims against Schaefer "either arise[] directly out of, or [are] related to" such contacts. Harlow, 432 F.3d at 61. "The relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection." Id. Here, United Rentals' or Affiliated FM's claims pertain to an evaporative cooler which was not directly sold and shipped from Schaefer to a Massachusetts dealer, but rather ended up in the state (and at the condo remodeling site) at the hands of other independent entities, outside of Schaefer's direction or control. See supra n.4. There is also no allegation or evidence that United Rentals' and Affiliated FM's claims against Schaefer, as well as the cooler

---

[4] Citing Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H & Co., 295 F.3d 59, 64 n.3 (1st Cir. 2002), Schaefer asserts that sales to independent non-exclusive dealers "do not count" as contacts of a manufacturer for the purposes of assessing personal jurisdiction. Schaefer misreads the relevant provision of Cambridge, which notes that "sales *by* an independent distributor . . . or separately incorporated subsidiary normally do not count as 'contacts' of the manufacturer or parent corporation." Id. Thus, while the sale of the evaporative cooler by Spot Coolers to United Rentals and its rental by NEDI in Massachusetts do not count in evaluating Schaefer's contacts, Schaefer's own direct sales to Massachusetts dealers do.

at issue, are in any way connected to the company's website activities. Schaefer's contacts with Massachusetts simply do not form an "important or [at least] material, element of proof" in United Rentals' and Affiliated FM's case. United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1089 (1st Cir. 1992).

The inquiry need go no further. Because United Rentals and Affiliated FM have not demonstrated a sufficient connection between their claims and Schaefer's contacts with Massachusetts, the court does not have specific jurisdiction over Schaefer.

### B. General Jurisdiction

Schaefer's contacts with Massachusetts are also insufficient to warrant the exercise of general jurisdiction. The test for evaluating contacts for general jurisdiction "is considerably more stringent than that applied to specific jurisdiction questions." United States v. Swiss American Bank, Ltd., 274 F.3d 610, 619 (1st Cir. 2001) (quoting Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1988)). Schaefer is a Minnesota corporation with its principal place of business in Minnesota and no offices, employees, or accounts in Massachusetts. It is not registered to transact business in this state and does not advertise here. While Schaefer does conduct a measure of business in Massachusetts through its sales to independent non-exclusive dealers, the volume of that business is small, less than 2% (and in some years, less than 1%) of its total nationwide annual sales. Such limited sales do not constitute "continuous and systematic" business dealings with Massachusetts given the general lack of other contacts. See, e.g., Cossaboon v. Maine Medical Center, 600 F.3d 25, 31 (1st Cir.

2010) (no general jurisdiction in New Hampshire even where hospital advertised to state residents, was registered to do business in state and had one state-based employee, derived 3.24% percent of total revenue from in-state residents, and treated a substantial number of state residents); Newman v. European Aeronautic Defence and Space Company Eads N.V., 700 F. Supp. 2d 156, 168 (D. Mass. 2010) (no general personal jurisdiction where defendants were not registered to do business in Massachusetts, had no Massachusetts-based employees, and derived only 1.36% of total revenue from Massachusetts customers).

Schaefer's only other relevant contact with Massachusetts is arguably through its website, but "[t]he mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum." Cossaboon, 600 F.3d at 35 (quoting McBee v Delica Co., 417 F.3d 107, 124 (1st Cir. 2005)). Schaefer's website is largely informational, providing details about the various products it makes and sells. Although there are some interactive features – namely links that permit users to contact Schaefer for more information – the website does not sell products or render services online, nor does it target Massachusetts residents in particular. See Cossaboon, 600 F.3d at 35 (finding that the presence of interactive features is not dispositive; rather, "courts have focused on the extent to which the defendant has actually and purposefully conducted commercial or other transactions with forum state residents through its website."); id. (finding hospital website did not support personal jurisdiction despite features permitting users to make online donations, complete patient pre-registration, register

for classes, find a doctor, and apply for employment). The website does not establish general personal jurisdiction over Schaefer.

## IV. Conclusion

Schaefer's motion to dismiss (Docket # 52) is ALLOWED.

|  |  |
|---|---|
| February 7, 2014 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |